```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

  SCAVET TECHNOLOGIES, LLC,
                                    1:17-cv-10697 (NLH/KMW)
           Plaintiff,
                                    **OPINION**
  v.

  DAVIS-PAIGE MANAGEMENT
  SYSTEMS, LLC and MICHAEL E.P.
  DAVIS,

           Defendants.

**APPEARANCES:**

STEVEN H. DOTO
LAULETTA BIRNBAUM, LLC
591 MANTUA BOULEVARD
SUITE 200
SEWELL, NJ 08080
     On behalf of Plaintiff

No appearances were entered on behalf of Defendants

**HILLMAN**, District Judge

    Pending before the Court is Plaintiff ScaVet Technologies, LLC's Motion for Default Judgment against Defendants Davis-Paige Management Systems, LLC ("DPMS") and Michael E.P. Davis. For the reasons that follow, the Motion for Default Judgment will be granted.

**I. Essential Facts**

The Court takes its facts from Plaintiff's Amended Complaint. DPMS was the general contractor on a project for the United States Department of Homeland Security ("DHS"). Davis is the President and Chief Executive Officer of DPMS. DPMS was to provide support services for logistics and infrastructure, operations, and maintenance at the DHS Transportation Security Laboratory in Atlantic City, New Jersey. On September 28, 2012, Plaintiff entered into a Subcontract with DPMS, where Plaintiff agreed to provide certain services for the project. The value of the Subcontract was $2,960,756.40 over five years. The Subcontract provided for payment within ten calendars days after the receipt of payment from the government.

Consistent with the Subcontract, Plaintiff performed all of its work for DPMS, which was accepted by Defendants. DPMS has received payment by the government, but DPMS has failed to pay Plaintiff for its work. This resulted in a payment dispute between Plaintiff and DPMS culminating in a March 25, 2016 letter agreement (the "Agreement"). Under the Agreement, DPMS agreed to pay all invoices in arrears in an amount that totaled $117,815.53. The Agreement provided for monthly payments. DPMS failed to comply with the payment terms of the Agreement.

Thereafter, on May 9, 2017, Plaintiff, DPMS, and Davis entered into a Settlement Agreement, governed by the laws of New

Jersey, in which the terms of the Subcontractor and the March 25, 2016 Agreement were reaffirmed. The Settlement Agreement provided for payment in the amount of $121,934.47, plus interest. The Settlement Agreement provided that various events would constitute events of default, including nonpayment of any payments. Upon the occurrence of an event of default, the Settlement Agreement provided that the entire unpaid Settlement Amount would become due and payable. DPMS and Davis have failed to make a single payment under the Settlement Agreement. Defendants owe a total of $121,934.47, plus interest, fees, and costs.

## II. Procedural Posture

Plaintiff filed a November 10, 2017 Amended Complaint asserting six counts: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) unjust enrichment and quantum meruit, (4) violation of the Federal Prompt Payment Act, (5) violation of the New Jersey Prompt Payment Act, and (6) writ of replevin. Both Defendants were served on November 15, 2017.

On December 8, 2017, Plaintiff requested an entry of default against Defendants. The Clerk entered default against Defendants on December 8, 2017. On February 5, 2018, Plaintiff filed a Motion for Default Judgment.

## III. Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a limited liability company whose sole member is a citizen of the State of New Jersey. Defendant Davis-Paige Management Systems, LLC is a limited liability company whose individual members are citizens of Virginia. Defendant Davis is an individual domiciled in Virginia. Accordingly, as the parties are diverse and Plaintiff pleads an amount in controversy in excess of $75,000, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## IV. Standard for Default Judgment

"Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and we repeatedly state our preference that cases be disposed of on the merits whenever practicable.'" Id. (quoting Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984)).

"Although the Court should accept as true the well-pleaded allegations of the Complaint, the Court need not accept the

4

moving party's legal conclusions or allegations relating to the amount of damages." Id. at 535-36 (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); DirecTV, Inc. v. Asher, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)). "Consequently, before granting a default judgment, the Court must first ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" Id. at 536 (quoting Asher, 2006 WL 680533, at *1).

Once a valid claim has been asserted, "[t]hree factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.85 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)).

**V. Analysis**

Before assessing the factors that control whether default judgment should be granted, the Court must determine that Plaintiff has asserted a legitimate cause of action. "To state a claim for breach of contract in New Jersey, a plaintiff must show that (1) the parties entered into a valid contract; (2) the defendant failed to perform his duties under the contract; and

(3) plaintiff sustained damages as a result of the breach." Cyprus Mines Corp. v. M & R Indus., Inc., No. 14-4590, 2015 WL 1469529, at *7 (D.N.J. Mar. 30, 2015) (citing Lincoln Harbor Enters., LLC v. M.Y. Diplomat, No. 08-526, 2008 WL 5046787, at *5 (D.N.J. Nov. 21, 2008)). The Court finds Plaintiff has asserted a legitimate breach of contract claim. Plaintiff pleads a valid contract in stating the parties entered into the Settlement Agreement. The Amended Complaint also states Defendants are in default in payments, constituting a breach. Finally, Plaintiff's Amended Complaint pleads damages in the amount of $121,934.47. The Court finds this constitutes a legitimate breach of contract claim. Accordingly, the Court moves to the factor test which governs granting a motion for default judgment.

With regard to the second two factors – whether there is a litigable defense and whether the defendant's delay is due to culpable conduct – the Court finds that because Defendants were properly served but have failed to appear in this action, it is unknown whether Defendants have a meritorious defense to Plaintiff's claim, and the inference is that Defendants' defaults were the result of their own culpable misconduct.

As to the first factor – prejudice to the plaintiff if default is denied – "[a] plaintiff will be prejudiced absent a default judgment where, due to the defendant's continued failure

to respond to plaintiff's claims, the plaintiff is left with no other recourse." Id. at *8 (citing Ford v. Consigned Debts & Collections, Inc., No. 09-3102, 2010 WL 5392643, at *4 (D.N.J. Dec. 21, 2010)). The Court finds Plaintiff will be prejudiced if default judgment is not entered against Defendants.

The Court thus finds all three factors support granting Plaintiff's Motion for Default Judgment. Plaintiff asks this Court to enter Judgment in the amount specified in the Settlement Agreement, $121,934.47, plus interest, as well as attorneys' fees and costs in the amount of $8,355.02, for a total judgment of $130,289.49.

Plaintiff has provided the Court with the Settlement Agreement, which includes a payment plan for a total amount owed of $121,934.47.[1] The Settlement Agreement further provides that Plaintiff is entitled to reasonable attorneys' fees and legal expenses incurred by Plaintiff in enforcing payment under the Settlement Agreement, and that such fees and expenses will become due and owing upon an event of default. Plaintiff has provided the Court with an Amended Affidavit of Services,

---

[1] The Settlement Agreement provides that "DPMS and Davis . . . agree to pay Plaintiff $121,934.47." Included with the Settlement Agreement is a Payment Plan, which indicates a total amount owed of $121,934.48. As Plaintiff requests Judgment of the lower of the two figures, the Court uses this amount in determining the Judgment in this case.

7

requesting an amount of $8,355.02.[2]  Accordingly, Plaintiff's Motion for Default Judgment will be granted, and Judgment will be entered in the amount of $130,289.49, plus interest.  An Order and Judgment consistent with this Opinion will be entered.


Date:  May 8, 2018                       s/ Noel L. Hillman
At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.

---

[2]   This Court entered an April 30, 2018 Order requiring Plaintiff to file an Amended Affidavit of Services in support of its Motion for Default Judgment after the Court found the original Affidavit deficient.  The Court bases its Default Judgment upon this Amended Affidavit and finds that the fees and costs incurred in obtaining judgment under the Settlement Agreement to be reasonable under the circumstances.